IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KENNETH E. MASON, JR. § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CASE NO. 4:12CV291 |
| § | |
| BANK OF AMERICA, NATIONAL § | |
| ASSOCIATION, MERSCORP, INC., § | |
| MORTGAGE ELECTRONIC § | |
| REGISTRATION SYSTEMS, INC., § | |
| STEWART TITLE COMPANY, § | |
| and STEWART TITLE § | |
| GUARANTY COMPANY § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiff's Motion to Remand (Dkt. 40), filed on October 26, 2012. As set forth below, the motion should be DENIED.

*Pro se* Plaintiff originally filed his Complaint and Request for Temporary Restraining Order and Application for Permanent Injunction against Defendants Bank of America, National Association, MERS Corp., Inc., Mortgage Electronic Registration Systems, Inc., and Stewart Title Company, Stewart Title Guarantee Company on April 25, 2012 in the District Court of Denton County, Texas. *See* Dkt. 3. On April 26, 2011, Plaintiff filed his First Amended Complaint and Request for Temporary Restraining Order and Application for Permanent Injunction against Defendants. *See* Dkt. 4. Plaintiff's amended complaint seeks the entry of declaratory judgment that "the Deed of Trust and provisions therein relating to enforcement of the Note through foreclosure"

1

regarding his property located at 4521 Indian Paint Way, Denton, Texas, 76208 are null and void, declaratory judgment that Defendants' claimed interest in the Property is unenforceable, and injunctive relief to restrain any foreclosure on the Property.

On May 11, 2012, Defendants Bank of America, N.A. ("BANA"), MERSCORP, Inc. ("MERSCORP") and Mortgage Electronic Registration Systems, Inc. ("MERS") removed the case to this Court, arguing the Court had diversity jurisdiction over Plaintiff's claims. On October 26, 2012 – more than 150 days after the case was removed – Plaintiff filed his motion to remand, arguing that the Court has no subject matter jurisdiction over his claims.

## STANDARD

Generally, motions to remand based on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of a notice of removal. 28 U.S.C. § 1447. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). The removing party has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

## ANALYSIS

Defendants here removed this case based on diversity jurisdiction. Suits are removed on the basis of diversity jurisdiction when: (1) the suit involves a controversy between citizens of different states *and* (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. It is Defendants' burden here to show that this Court has diversity jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).

Defendants' notice of removal states that Bank of America is a citizen of the State of North Carolina, that MERS and MERSCORP are citizens of Delaware and Virginia, and that Defendants Stewart Title Company and Stewart Title Guarantee Company were nominal parties whose Texas citizenship should be disregarded. *See* Dkt. 1 at 2-3. And it appears undisputed based on the allegations here that Plaintiff is a citizen of Texas. Thus, there appears to be little dispute that this case involves a controversy between citizens of different states for purposes of removal.

The issue that appears disputed between the parties is whether the amount in controversy requirement has been satisfied. When, as here, a petition does not allege a specific amount of damages, the removing defendant must prove by preponderance of that evidence that the amount in controversy exceeds $75,000. *Garcia*, 351 F.3d at 639-40. The removing defendant can satisfy its burden by showing that it is facially apparent from the plaintiff's complaint that the claims are likely above jurisdictional amount, or, if the value of claim is not apparent, by setting forth facts, either in the removal petition or by affidavit, that support a finding of requisite amount. *Id.* at 640; *see also Corley v. Southwestern Bell Tel. Co.*, 924 F. Supp. 782, 786 (E.D. Tex. 1996) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, n.6 (5th Cir. 1992) (noting that a federal district court may

3

make an independent appraisal of the amount in controversy)).

Plaintiff's pleadings at the time of removal sought a declaration that the Note and Deed of Trust he executed on the Property were unenforceable and sought to enjoin any and all attempts to foreclose on the Property. *See* Dkt. 4 at 11-13. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Here, Defendants have alleged that the subject Property had an appraised value of $174,622.00 according to the Denton Central Appraisal District, *see* Dkt. 1 at 5, Dkt. 42 at 6, and that such Property is the object of the litigation that determines the amount in controversy. The Court agrees. *See, e.g., Martinez v. BAC Home Loans Servs., LP*, 777 F. Supp.2d 1039, 1047-1048 (W.D. Tex. 2010) ("regardless of whether the property at issue has been sold in foreclosure or is still held by the lender, the value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property"). As the Fifth Circuit has noted, when "a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Nationstar Mortgage, LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) (internal citation omitted) (finding that, although party sought below jurisdictional limit in monetary damages, the amount in controversy exceeded $75,000 where party also sought rescission and cancellation of the deed of trust and cancellation or removal of the clouds on title regarding property with a mortgage that exceeded $107,000). Here, Plaintiff sues to protect title to real property, and Defendants have shown by a preponderance of the evidence that the value of the Property – and thus the amount in controversy – exceeds $75,000. Because

Defendants have shown that there is diversity jurisdiction, the Court will not remand the case.

In his motion to remand, Plaintiff argues that his state court action should be construed as a counterclaim brought by him to stop any foreclosure action by Defendants. The Court is not convinced by this argument. The action removed was an affirmative claim, initiated and filed by Plaintiff in the state court and subject to removal, even if it was a reaction to non-judicial foreclosure proceedings by Defendants. The removal statute is clear that "*any civil action brought in a State court* of which this district courts of the United States have original jurisdiction, may be removed...." 28 U.S.C. § 1441(a). Defendants have shown how this Court had original jurisdiction over Plaintiff's civil state court action, there is no authority to support Plaintiff's argument, and the Court should not remand the suit.

The Court notes that since removal, Plaintiff has filed an amended complaint, asserting among other claims, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601. *See* Dkt. 17. The Court is not convinced by Defendants Stewart Title Company and Stewart Title Guaranty Company's argument that Plaintiff's amendment of his complaint to include claims arising under federal law would waive any remand arguments he has. *See* Dkt. 41. The law is clear that whether there is removal jurisdiction is determined by the "claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Although the Fifth Circuit has permitted post-removal amendments to a complaint to confer jurisdiction, that only "governs those situations where, after improper removal, a case is tried on the merits without objection, and the federal court enters judgment." *Kidd v. Southwest Airlines, Co.*,

5

891 F.2d 540, 546 (5th Cir. 1990). No judgment has been entered here, and Plaintiff's motion lodges an objection to the Court's jurisdiction; thus, the amended pleading is of no consequence.

Plaintiff's pleading at the time of removal dictates jurisdiction. And Defendants have shown by a preponderance of the evidence that the Court has diversity jurisdiction here. With jurisdiction established, the Court will proceed in evaluating Defendants' motions to dismiss and Plaintiff's responses thereto.

### RECOMMENDATION

Plaintiff's Motion to Remand (Dkt. 40) should be DENIED. Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge that the motion to remand be denied. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE